IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LIBERATO CABALO, et al.,

    Plaintiffs,

v.

EMC MORTGAGE CORPORATION, et al.,

    Defendants.
                               /

No. C-08-5667 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; VACATING HEARING**

    Before the Court are two motions, filed December 29, 2008 by defendants: (1) "Motion to Dismiss the Complaint for Failure to State a Claim, or in the Alternative, for a More Definite Statement" ("Motion to Dismiss") and (2) "Motion to Strike Damages and Attorneys' Fees Improperly Asserted in the Complaint" ("Motion to Strike").  With respect to each motion, plaintiffs have filed opposition, to which defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision thereon, hereby VACATES the hearing scheduled for February 13, 2009, and rules as follows.[1]

## BACKGROUND

    The following facts are taken from the complaint.

    In January 2006, plaintiffs signed an adjustable rate note and a deed of trust in connection with a mortgage refinancing transaction.  (See Compl. ¶ 10.)  On January 10,

---

[1]The papers filed in support of and in opposition to the Motion to Strike do not assert any argument that is not also asserted in the papers filed in support of and in opposition to the Motion to Dismiss.  Accordingly, the Court herein addresses the two motions jointly.

2009, plaintiffs received notice of their right to rescind the transaction within three days, pursuant to § 1635 of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(a).  (See id. ¶ 13.)  Plaintiffs did not, however, receive "disclosures regarding the cost of credit extended to them."  (See id. ¶ 33.)  On January 13, 2006, plaintiffs delivered notices of cancellation to defendant Quick Loan Funding, Inc. ("Quick Loan")  (See id. ¶ 14.)  Despite the delivery of such notices, Quick Loan funded the loan.  (See id. ¶ 15.)  Subsequently, plaintiffs fell behind on their mortgage payments, and non-judicial foreclosure proceedings were commenced.  (See id. ¶ 27.)

On November 17, 2008, plaintiffs filed the instant action in state court, alleging a cause of action under TILA, as well as state law causes of action "To Stay Trustee's Sale" and "To Quiet Title."  (See SAC at 7.)  On December 18, 2008, defendants removed the action to district court.

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Fed. R. Civ. P. 8(a)(2).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).  Nonetheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached

to the pleading, however, may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In addition, a district court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referenced in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). A court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Conclusory allegations, unsupported by the facts alleged, need not be accepted as true. See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Twombly, 127 S. Ct. at 1965 (internal quotation and citation omitted).

## DISCUSSION

**A.    Liability of EMC Mortgage Corporation**

Defendants argue that defendant EMC Mortgage Corporation ("EMC") cannot be liable under TILA because EMC is a "servicer" of the loan at issue and not the loan's holder. (See Mot. to Dismiss at 4:19.) In support of their argument, defendants rely on five publicly recorded documents, specifically, a Grant Deed, a Deed of Trust, a Notice of Default and Election to Sell under Deed of Trust, a Substitution of Trustee, and a Notice of Trustee's Sale. (See Defs.' Req. Judicial Notice ("RJN") Exs. 1-5.)[2] Plaintiffs do not

---

[2] Concurrently with the instant motions, defendants filed a Request for Judicial Notice. Plaintiffs' having made no objection, and good cause appearing, such Request for Judicial Notice is hereby GRANTED.

3

1  dispute that EMC cannot be liable under TILA unless it is the holder of the loan.  Plaintiffs
2  assert, however, that it is not clear who the loan's holder is, and that the documents
3  submitted by defendants do not show EMC is not such holder.  The Court agrees.  In
4  particular, although none of the documents at issue shows an assignment of the loan to
5  EMC, neither do such documents show such an assignment was never made.  (See RJN
6  Exs. 1-5.)[3]

7  Accordingly, to the extent defendants seek dismissal of plaintiffs' claims against
8  EMC, the motions will be denied.

### B.   Claim for Damages and Attorneys' Fees

Defendants argue that plaintiffs' claims for damages and attorneys' fees under TILA (see Compl. ¶¶ 40-41 & Prayer for Relief ¶¶ 2, 3, 6) is barred by the one-year statute of limitations provided by 15 U.S.C. § 1640(e).  See 28 U.S.C. § 1640(e).  Plaintiffs do not dispute that their claims under § 1640, which deals with awards of statutory and actual damages for violations of TILA other than denial of rescission, see § 1640(a), are barred by the one-year statute of limitations.  Plaintiffs assert, however, that their claim for rescission under § 1635 is "sound" (see Opp'n to Mot. to Dismiss, at 5:8) and that, in connection with such claim, they are entitled to damages.  In support of their argument, plaintiffs rely on 15 U.S.C. § 1635(g), which provides:  "In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind."  See 15 U.S.C. § 1635(g); see also § 1635(f) (providing "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first").

Although the Ninth Circuit does not appear to have addressed the issue, numerous district courts have held the relief provided by § 1635(g) is subject to the one-year statute of limitations of § 1640(e).  See, e.g., Brown v. Nationscredit Finan. Servs. Corp., 349 F.

---

[3]Defendants do not dispute that plaintiffs' complaint sufficiently alleges EMC is the holder of the loan.  (See Mot. to Dismiss at 4:18; see also SAC ¶ 19.)

1  Supp. 2d 1134, 1137 (N.D. Ill. 2005) (holding "both the language of § 1635(g) and its
2  legislative history support the notion that this subsection was not intended to alter the
3  statute of limitations applicable to TILA damage claims"); <u>Rodrigues v. Members Mortgage</u>
4  <u>Co.</u>, 323 F. Supp. 2d 202, 210 (D. Mass. 2004) (holding "actions for statutory damages
5  under TILA must be brought within one year from the date of the occurrence of the
6  violation") (internal quotation and citation omitted); <u>Bell v. Ameriquest Mortgage Co.</u>, No. 04
7  C 5987, 2004 WL 2973819, at *1 (N.D. Ill. Nov. 30, 2004) (holding, where plaintiff brought
8  suit "more than 18 months" after asserted TILA violation, "the potential for the awarding of
9  relief under Section 1640 set out in Section 1635(g) has never eventuated").[4]  The Court
10 finds the reasoning of these cases persuasive.  In particular, § 1635(g) does not appear to
11 create a right to damages separate from that provided by § 1640; rather, as one district
12 court put it, § 1635(g) merely "clarif[ies] that a plaintiff bringing a claim for rescission could
13 also sue for statutory damages" under § 1640, subject to the statute of limitations provided
14 in § 1640(e).  <u>See, e.g.</u>, <u>Brown</u>, 349 F. Supp. 2d at 1137.  Consequently, plaintiffs cannot
15 prevail on their action for damages under TILA, and it necessarily follows that plaintiffs can
16 have no claim for attorney's fees as the prevailing party on any such claim.

17       Defendants make no persuasive argument, however, with respect to plaintiffs' claim
18 for attorneys' fees to the extent such fees are sought solely in connection with plaintiffs'
19 claim for rescission.  <u>See</u> § 1640(a)(3) (providing, "in the case of any successful action to
20 enforce the foregoing liability [for damages] <u>or</u> in any action in which a person is
21 determined to have a right of rescission under section 1635 of this title," the creditor is
22 liable for "the costs of the action, together with a reasonable attorney's fee as determined
23 by the court") (emphasis added).

24       Accordingly, to the extent defendants seek an order striking plaintiffs' claim for
25 damages for any cause of action brought under TILA and plaintiffs' claim for attorney's fees

---

[4]<u>But see</u> <u>McIntosh v. Irwin Union Bank & Trust Co.</u>, 215 F.R.D. 26, 30 (D. Mass. 2003) (holding, if plaintiffs therein had right to rescind, "the statute of limitations for the damages they seek is three years, not one").

in connection with any cause of action other than for rescission, the motions will be granted, and to the extent defendants seek an order striking plaintiffs' claim for attorney's fees in connection with plaintiffs' cause of action for rescission, the motions will be denied.

**C.    Claim for Rescission**

Defendants argue, relying on Yamamoto v. Bank of N.Y., 329 F.3d 1167 (2003) (9th Cir. 2003), that plaintiffs' claim for rescission of the loan transaction is subject to dismissal, for the reason that plaintiffs' right to rescind has not yet been adjudicated in plaintiffs' favor or, alternatively, for the reason that plaintiffs failed to make a tender offer of the funds they received under the loan.  As set forth below, defendants' argument is unavailing.

The procedure governing rescission of a loan transaction under TILA is set forth in 15 U.S.C. § 1635(b), which provides, in relevant part:

> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.  If the creditor has delivered any property to the obligor, the obligor may retain possession of it.  Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

See § 1635(b).  In Yamamoto, the Ninth Circuit noted that a district court may alter the above-described procedures and that the court has "discretion to condition rescission on tender by the borrower of the property he had received from the lender."  See Yamamoto, 329 F.3d at 1171 (internal quotation and citation omitted).  Whether rescission should be so conditioned "depends upon the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act."  See id. (internal quotation and citation omitted).  In addition, the Yamamoto court held that where, as here, the defendant contests the alleged rescission, such rescission does not actually occur until "the right to rescind is determined in the borrower's favor."  See id. at 1172.

Notably, Yamamoto does not hold that a claim for rescission cannot survive a motion

1  to dismiss until the right to rescind is adjudicated in the plaintiff's favor.  Indeed, as plaintiffs
2  point out, such a holding would make no sense.  How would it be possible for a plaintiff to
3  seek adjudication of his alleged right to rescind if a claim for such rescission were subject
4  to dismissal for the reason that such claim had not yet been adjudicated in the plaintiff's
5  favor?
6        Additionally, the Yamamoto court did not hold that a claim for rescission must always
7  be conditioned on a tender offer by the plaintiff.  Rather, the court held that a district court
8  has discretion to condition rescission on such an offer.  See Yamamoto, 329 F.3d at 1171.
9  Here, however, defendants have failed to provide any reason why the court should exercise
10 such discretion, let alone at this stage of the proceedings.
11       Accordingly, to the extent defendants seek dismissal of plaintiffs' claim for rescission
12 under TILA, the motions will be denied.

13 **D.    Claims to Stay Trustee's Sale and to Quiet Title**

14       With respect to plaintiff's claim to quiet title, defendants argue "there is no basis to
15 seek quiet title as to EMC, because EMC has no interest in the Subject Property."  (See
16 Mot. to Dismiss at 11:6-7.)  Defendants provide no further argument on this issue, however,
17 and, as noted, the documents attached to defendants' Request for Judicial Notice fail to
18 show EMC is not the holder of the loan at issue.  Consequently, on such record, the Court
19 cannot find EMC has "no interest" in the property.
20       The remainder of defendants' arguments in support of dismissal of plaintiffs' claims
21 to stay trustee's sale and to quiet title are dependent on the Court's finding plaintiffs' claim
22 for rescission is subject to dismissal.  In particular, such arguments address the question of
23 who may initiate foreclosure proceedings, assuming a valid security interest exists, rather
24 than the question of whether such proceedings may be initiated at all.  As noted, however,
25 the Court has not found plaintiffs' claim for rescission subject to dismissal, and,
26 consequently, the Court has not found such a valid security interest exists.
27       Accordingly, to the extent defendants seek dismissal of plaintiffs' claims to stay
28 trustee's sale or to quiet title, the motions will be denied.

7

**CONCLUSION**

For the reasons stated above, defendants' Motion to Dismiss and Motion to Strike are, in each instance, GRANTED in part and DENIED in part, as follows:

1. To the extent defendants seek an order striking plaintiffs' claim for damages in connection with any cause of action brought under TILA and plaintiffs' claim for attorney's fees in connection with any cause of action other than for rescission, the motions are hereby GRANTED, and such claims are hereby STRICKEN from paragraphs 40 and 41 of the complaint and paragraphs 2, 3, and 6 of the prayer for relief.

2. In all other respects, the motions are hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 5, 2009

_____
MAXINE M. CHESNEY
United States District Judge